UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  20-21238-CIV-WILLIAMS

THE CHONILLO LAW GROUP LLC,
and GREG CHONILLO,

    Plaintiffs,

vs.

COMPLETE BUSINESS SOLUTIONS
GROUP, INC. d/b/a Par Funding,

    Defendant.
_____/

## DEFENDANT'S MOTION TO TRANSFER VENUE AND INCORPORATED MEMORANDUM OF LAW

Defendants Complete Business Solutions Group, Inc. dba Par Funding ("Par" or "Defendant"), by and through its undersigned counsel and pursuant to 28 U.S.C. §§1391 and 1404, Fed. R. Civ. P. 12(b)(3), and Local Rule 7.1, moves to transfer the venue of this action to the United States District Court for the Eastern District of Pennsylvania or the Court of Common Pleas of Philadelphia County.  In support, Par states as follows:

### I.    INTRODUCTION

On or about April 2015, Par entered into a Merchant Agreement with Plaintiff, the Chonillo Law Group LLC (the "Chonillo Law Firm") and Plaintiff, Greg Chonillo ("Chonillo"), whereby Par purchased future receivables of the Chonillo Law Firm in accordance with the terms of the Merchant Agreement executed by the parties. (ECF No. 1, Complaint ¶ 7-8) On or about June 2015, August 2015, and November 2015, Par entered into three additional Merchant Agreements with Plaintiffs.  As part of these Merchant Agreements, Chonillo also signed a

Disclosure for Confession of Judgment as owner/guarantor. (ECG No. 1, Complaint, Exhs. A-D).

Each of the Merchant Agreements contains a venue provision, which states in relevant part:

> **4.5 Binding Effect; Governing Law, Venue and Jurisdiction.**
> …
> **This Agreement shall be governed by and construed in accordance with the laws of the Commonwealth of Pennsylvania, without regards to any applicable principals of conflicts of law. Any suit, action or proceeding arising hereunder, or the interpretation, performance or breach hereof, shalt, if FUNDER so elects, be instituted in any court sitting in Pennsylvania, (the "Acceptable Forums") Merchant agrees that the Acceptable Forums are convenient to it, and submits to the jurisdiction of the Acceptable Forums and waives any and all objections to jurisdiction or venue. Should such proceeding be initiated in any other forum, Merchant waives any right to oppose any motion or application made by FUNDER to transfer such proceeding to an Acceptable Forum.**

*Id.* The Merchant Agreements also each contain a Security Agreement and Guaranty, executed by Chonillo, that incorporates these provisions. *Id.*

After entering into the Merchant Agreements, Plaintiffs failed to fulfill their obligations under the terms thereof to tender payments to Defendants. (Complaint ¶¶33-68.) Defendants attempted to negotiate and seek payments from Plaintiffs in good faith, but those efforts were unsuccessful. Par filed a Civil Action Complaint – in Confession of Judgment ("Civil Action for COJ") against Plaintiffs in the Philadelphia County Court of Common Pleas, on or about October 30, 2019, seeking Judgment in the amount of $52,532.88 (the "Pennsylvania Case"). A true and correct copy of the Notice of Confession of Judgment is attached hereto as **Exhibit A.**[1]

---

[1] Pursuant to Fed. R. Evid. 201, Defendants request that this Court take judicial notice of the attached Confession of Judgment. Rule 201 permits a court to "judicially notice a fact that is not subject to reasonable dispute because it ... can be accurately and readily determined from sources

2

Rather than disputing the filing of the Civil Action for COJ in the already-filed Pennsylvania Case (which is what would be required under the Pennsylvania rules), Plaintiffs elected to file suit on or about January 2, 2020 in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (the "Florida Case") seeking relief against Par.

After receiving a copy of the Summons and Complaint for the Florida Case, Par retained Florida counsel, who removed this case to this Court based on diversity jurisdiction on March 23, 2020.

## II.   MEMORANDUM OF LAW

**A.   This Action Must Be Transferred to Pennsylvania Pursuant to the Mandatory Venue Clause in the Merchant Agreements**

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a); *see also Stone v. Barclays Bank PLC*, No. 16-81875, 2017 WL 766355, at *3 (S.D. Fla. Feb. 28, 2017) (Rosenberg, J.). "[A] district court considering a § 1404(a) motion … must evaluate both the convenience of the parties and various public-interest considerations." *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for W.D. Tex.*, 571 U.S. 49, 62 (2013). Generally, a district court considers a host of "private interest" and "public interest" factors to evaluate transfer motions, and also gives some weight to a plaintiff's choice of forum. *See Stone*, 2017 WL 766355, at *3; *Palm Beach Maritime Museum, Inc. v. Hapoalim Securities*

---

whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). State court records generally satisfy this standard. *See e.g., Paez v. Sec'y, Florida Dep't of Corr.*, 947 F.3d 649, 651 (11th Cir. 2020) (*citing Porter v. Ollison*, 620 F.3d 952, 954–55 (9th Cir. 2010) (noticing "any state court dockets or pleadings that have been located (including on the Internet) and for which it is proper to take judicial notice")).

*USA, Inc.*, No. 18-80596, 2019 WL 2167727, at *1 (S.D. Fla. Jan. 29, 2019) (Middlebrooks, J.); *see also Atl. Marine*, 571 U.S. at 62, n.6.

However, where there is a valid forum selection clause, as here, the analysis changes. "[T]he Supreme Court has held that a forum selection clause should be given 'controlling weight in all but the most exceptional cases.'" *Stone*, 2017 WL 766355, at *3 (citing *Atl. Marine*, 571 U.S. at 63). "Thus, where a forum selection clause exists, the district court's analysis of a § 1404(a) motion changes in three ways: (1) 'the plaintiff's choice of forum merits no weight'; (2) the Court is not to 'consider arguments about the parties' private interests'; and (3) a 'transfer of venue will not carry with it the original venue's choice of law rules[.]'" *Stone*, 2017 WL 766355, at *3 (citing *Atl. Marine*, 571 U.S. at 63-66); *see also Hisey v. QualTek USA, LLC*, 753 Fed. Appx. 698, 703 (11th Cir. 2018). "When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause. Only under exceptional circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." *Atl. Marine*, 571 U.S. at 62; *see also GDG Acquisitions, LLC v. Gov't of Belize*, 749 F.3d 1024, 1028 (11th Cir. 2014) ("[A]n enforceable forum selection clause carries near-determinative weight.").[2] "To determine whether the traditional § 1404(a) analysis must be altered, the Court must determine whether there is a valid forum-selection clause." *Palm Beach*, 2019 WL 2167727, at *2.

---

[2] *See also, e.g.*, *Trafalgar Capital Specialized Inv. Fund v. Hartman*, 878 F.Supp.2d 1274, 1284–90 (S.D. Fla. 2012) ("the venue mandated by a choice of forum clause rarely will be outweighed by other 1404(a) factors") (Altonaga, J.) (citing *P&S Business Machines, Inc. v. Canon USA, Inc.*, 331 F.3d 804, 807 (11th Cir. 2003)); *Sachs v. Bankers Life & Cas. Co.*, No. 11-81344, 2012 WL 1900033, at *1–3 (S.D. Fla. May 24, 2012) (enforcing forum-selection clause requiring actions to be filed "in a court located in Chicago, Cook County, Illinois" by transferring action to the Northern District of Illinois) (Hurley, J.); *Stone*, 2017 WL 766355, at *1, *5 (enforcing forum-selection clause and transferring action to the Southern District of New York).

Plaintiffs will likely try to argue the forum selection clauses are invalid or unreasonable, but that argument is unpersuasive. Mandatory forum-selection clauses are "presumptively valid and enforceable" absent a "strong showing" by the party seeking to avoid the clause that "enforcement would be unfair or unreasonable under the circumstances." *Krenkel v. Kerzner Int'l Hotels Ltd.*, 579 F.3d 1279, 1281 (11th Cir. 2009); *see also M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10, 15 (1972) (mandatory forum-selection clause is prima facie valid and enforceable). "A forum-selection clause will be invalidated when: (1) its formation was induced by fraud or overreaching; (2) the plaintiff would be deprived of its day in court because of inconvenience or unfairness; (3) the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of the clause would contravene public policy." *Slater v. Energy Servs. Grp. Int'l, Inc.*, 634 F.3d 1326, 1331–33 (11th Cir. 2011), *abrogated on other grounds by Atl. Marine*, 571 U.S. 49; *see also Lipcon*, 148 F.3d at 1296. The burden placed upon the party seeking to avoid enforcement of a mandatory forum-selection clause is "exceedingly high." *Trafalgar*, 878 F.Supp.2d at 1284–90.[3]

Here, Plaintiff cannot meet this high burden and the mandatory forum-selection clauses in the Merchant Agreements and, therefore, this matter should be transferred to the United States District Court for the Eastern District of Pennsylvania or the Court of Common Pleas of Philadelphia County in accordance with 28 U.S.C. §1404. Plaintiffs cannot point to a public interest factor that would justify keeping the matter in Florida. Indeed, Plaintiffs' Complaint does not allege the venue provision of the Merchant Agreement was entered into as the result of fraud, undue influence, or overweening bargaining power. Finally, Plaintiffs have not provided

---

[3] A party challenging a forum-selection clause has a "heavy burden of proof" to set aside the clause. *See Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991); *see also Castro v. Pullmantur, S.A.*, 220 So.3d 531, 534–37 (Fla. Dist. Ct. App. 2017); *P&S Bus. Machines*, 331 F.3d at 807.

any basis to believe that they are unable to bring this action in Philadelphia – nor have they explained their failure to follow the procedures under Pennsylvania law with respect to the judgment entered by confession. *See* Exhibit A.

Therefore, the forum selection clause should be strictly enforced by this Court.

**B.       Even if the Venue Provision is Somehow Deemed Unenforceable, the Factors Still Weigh in Favor of Transferring the Matter to Pennsylvania**

Even if the Court somehow finds the forum selection clause unreasonable and severs it from the Merchant Agreements, the factors still weigh toward transferring venue. *See Atl. Marine*, 571 U.S. at 62, n.6.

**1.       The location where the relevant agreements were negotiated and executed**

Here, Defendants negotiated the agreement in Philadelphia. This factor weighs in favor of transferring venue.

**2.       The state that is most familiar with the governing law**

The Merchant Agreements are specifically governed by and must be construed in accordance with the laws of the Commonwealth of Pennsylvania. (ECG No. 1, Complaint, Exhs. A-D, Section 4.5). This factor weighs in favor of transfer so the local courts may determine questions of local law.

**3.       The plaintiff's choice of forum**

With respect to Plaintiffs' choice of forum, this should not weigh in favor of Plaintiffs since the Pennsylvania Case preceded the filing of the Complaint in this case, and Plaintiffs could have sought the same relief in the first case.

**4.       The respective parties' contacts with the forum**

Any contacts Defendants have with Florida are minimal at best and should not weigh in favor of maintaining the action in Florida. Defendants have taken no actions purposefully

directed toward establishing minimum contacts in Florida. Simply entering into agreements with Florida entities or individuals creates no substantial connection with Florida or purposeful availment of Florida's laws. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474–75 (1985) (purposeful availment requirement ensures a defendant will not be haled into a jurisdiction solely due to attenuated contracts). This factor weighs in favor of transferring venue out of Florida.

     **5.**    **The differences in the costs of litigation in the two forums; the ease of access to sources of proof**

The accessibility of witnesses and proof factor does not weigh to either side, as there are witnesses and evidence in both Florida and Pennsylvania. Any alleged inconvenience and additional cost to Plaintiffs in Philadelphia is outweighed by the fact Defendants would experience the same inconvenience and increased costs having to litigate in Florida.

     **6.**    **The availability of compulsory process to compel attendance of unwilling non-party witnesses**

Compelling witnesses to testify in either location will likely face the same difficulties and challenges for both sides. This factor does not weigh to either side.

### IV.   CONCLUSION

Accordingly, the totality of the circumstances weighs in favor of transfer, and Par respectfully requests the Court grant its motion and transfer the venue of this action to the United States District Court for the Eastern District of Pennsylvania or Court of Common Pleas of Philadelphia County.

### Compliance With Local Rule 7.1(a)(3) Certification

On April 16, 2020, counsel for the movant conferred with counsel for Plaintiffs via telephone regarding the relief sought in the instant motion in a good faith effort to resolve the issues raised in the motion and was unable to do so.

Respectfully submitted,

**FOX ROTHSCHILD LLP**
*Attorneys for Defendant.*
2 South Biscayne Blvd., Suite 2750
Miami, Florida 33131
Telephone: (305) 442-6547

By:   /s/*Susanne M. Calabrese*
      **Susanne M. Calabrese**
      Florida Bar No. 89512
      Email: SCalabrese@FoxRothschild.com

## CERTIFICATE OF SERVICE

I hereby certify that on the **17th** day of **April, 2020**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all parties and counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

  *s/Susanne M. Calabrese*
  **Susanne M. Calabrese**

## SERVICE LIST

**Electronically by CM/ECF System**
**CHRISTIAN ROMAGUERA, ESQ.**
*Counsel for Plaintiff*
Romaguera Law Group
11911 U.S. Highway One, Suite 303
North Palm Beach, Florida 33408
Telephone: (561) 472-1077
Facsimile:  (561) 472-1078
Email(s): cromaguera@romagueralaw.com
          dpicone@romagueralaw.com
          pleadings@romagueralaw.com