UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 20-21238-CIV-WILLIAMS

THE CHONILLO LAW GROUP LLC, *et al.*,

    Plaintiffs,

vs.

COMPLETE BUSINESS SOLUTIONS GROUP, INC.,

    Defendant.
_____/

## ORDER

**THIS MATTER** is before the Court on Defendant Complete Business Solutions Group, Inc.'s motion to dismiss or transfer venue. (DE 10). Plaintiffs' response was due on May 1, 2020. To date, Plaintiffs have not filed a response or moved for an extension of time to do so. The Court has reviewed the motion, the record, and the relevant case law. For the reasons set forth below, Defendant's motion to transfer this case to the United States District Court for the Eastern District of Pennsylvania (DE 10) is granted.

    **I.**    **BACKGROUND**

In April 2015, Defendant entered into a Merchant Agreement with Plaintiff, the Chonillo Law Group LLC ("Chonillo Law Firm") and Plaintiff, Greg Chonillo ("Chonillo"). Under this agreement, Defendant purchased future receivables of the Chonillo Law Firm in accordance with the terms of the Parties' Merchant Agreement. (DE 1, Complaint ¶¶ 7-8). In June 2015, August 2015, and November 2015, Defendant and Plaintiffs entered into three additional Merchant Agreements.

Each of the Merchant Agreements contains a venue provision, which states in relevant part:

> Any suit, action or proceeding arising hereunder, or the interpretation, performance or breach hereof, shalt, if FUNDER so elects, be instituted in any court sitting in Pennsylvania, (the "Acceptable Forums"). Merchant agrees that the Acceptable Forums are convenient to it, and submits to the jurisdiction of the Acceptable Forums and waives any and all objections to jurisdiction or venue. Should such proceeding be initiated in any other forum, Merchant waives any right to oppose any motion or application made by FUNDER to transfer such proceeding to an Acceptable Forum.

After entering into the Merchant Agreements, Plaintiffs allegedly failed to fulfill their obligations under the agreements and failed to tender payments to Defendant. Defendant contends that it "attempted to negotiate and seek payments from Plaintiffs in good faith, but those efforts were unsuccessful." (DE 10 at 2). Thus, Defendant "filed a Civil Action Complaint – in Confession of Judgment ('Civil Action for COJ') against Plaintiffs in the Philadelphia County Court of Common Pleas, on or about October 30, 2019, seeking Judgment in the amount of $52,532.88 (the 'Pennsylvania Case')." *Id.* Rather than disputing the Civil Action for COJ in the previously filed Pennsylvania Case, Plaintiffs instead filed suit against Defendant on January 2, 2020 in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. After being served, Defendant retained Florida counsel, who removed the case to this Court based on diversity jurisdiction on March 23, 2020. (DE 10 at 3).

Defendant seeks to dismiss this case for improper venue or, alternatively, transfer this case to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1404(a). Defendant argues that because Plaintiffs are subject to

the mandatory venue provisions in the Merchant Agreements, this case must either be dismissed or transferred to the Eastern District of Pennsylvania. Defendant further suggests that, even if the venue provisions were found not to apply here, Defendant has nonetheless demonstrated that all relevant factors to be considered under Section 1404 weigh in favor of transferring this case.

## II.    LEGAL STANDARD

Title 28 U.S.C. § 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Although the movant bears the burden of persuading the trial court that the transfer is appropriate, the Court has broad discretion to determine whether transfer is justified. *Meterlogic, Inc. v. Copier Sols., Inc.*, 185 F. Supp. 2d 1292, 1299 (S.D. Fla. 2002) (noting that "once a trial judge decides that transfer of venue is justified . . . the ruling can be overturned only for clear abuse of discretion, and the presumption in favor of the district judge is heavy").

The Court applies a two-part test to determine whether an action should be transferred pursuant to Section 1404(a). First, the Court determines whether the action might have been brought in the proposed transferee court. *Meterlogic, Inc.*, 185 F. Supp. 2d at 1299. Second, the Court engages in a balancing test, weighing various private and public interest factors to determine whether transfer is appropriate. *Trafalgar Capital Specialized Inv. Fund (In Liquidation) v. Hartman*, 878 F. Supp. 2d 1274, 1281 (S.D. Fla. 2012). Among the private factors considered by the Court are: (a) the plaintiff's choice of forum; (b) the convenience of the parties; (c) the convenience of the witnesses and the

availability of process to compel the attendance of unwilling witnesses; (d) the relative ease of access to sources of proof and location of relevant documents; and (e) the financial ability to bear the costs of change. *Id.* at 1282. The Court also considers the following public interest factors: (a) the forum's familiarity with the governing law, (b) the forum's interest in adjudicating the dispute, (c) the burden of jury duty on the forum's community, and (d) the relative docket congestion. *Id.*

However, where there is a valid forum selection clause, as there appears to be here, the analysis changes. "[T]he Supreme Court has held that a forum selection clause should be given 'controlling weight in all but the most exceptional cases.'" *Stone v. Barclays Bank PLC*, No. 16-81875, 2017 WL 766355, at *3 (S.D. Fla. Feb. 28, 2017) (Rosenberg, J.) (citing *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for W.D. Tex.*, 571 U.S. 49, 63 (2013)). "Thus, where a forum selection clause exists, the district court's analysis of a § 1404(a) motion changes in three ways: (1) 'the plaintiff's choice of forum merits no weight'; (2) the Court is not to 'consider arguments about the parties' private interests'; and (3) a 'transfer of venue will not carry with it the original venue's choice of law rules[.]'" *Stone*, 2017 WL 766355, at *3 (citing *Atl. Marine*, 571 U.S. at 63-66); *see also Hisey v. QualTek USA, LLC*, 753 Fed. App'x 698, 703 (11th Cir. 2018). "When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause.

Only under exceptional circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." *Atl. Marine*, 571 U.S. at 62; *see also GDG Acquisitions, LLC v. Gov't of Belize*, 749 F.3d 1024, 1028 (11th Cir. 2014) ("[A]n

4

enforceable forum selection clause carries near-determinative weight."); *Trafalgar Capital Specialized Inv. Fund v. Hartman*, 878 F. Supp. 2d 1274, 1284-90 (S.D. Fla. 2012) ("[T]he venue mandated by a choice of forum clause rarely will be outweighed by other 1404(a) factors.") (Altonaga, J.) (citing *P&S Business Machines, Inc. v. Canon USA, Inc.*, 331 F.3d 804, 807 (11th Cir. 2003)); *Sachs v. Bankers Life & Cas. Co.*, No. 11-81344, 2012 WL 1900033, at *1-3 (S.D. Fla. May 24, 2012) (enforcing forum-selection clause requiring actions to be filed "in a court located in Chicago, Cook County, Illinois" and transferring case to the Northern District of Illinois) (Hurley, J.); *Stone*, 2017 WL 766355, at *1, *5 (enforcing forum-selection clause and transferring action to the Southern District of New York). "To determine whether the traditional § 1404(a) analysis must be altered, the Court must determine whether there is a valid forum-selection clause." *Palm Beach*, 2019 WL 2167727, at *2.

Mandatory forum-selection clauses are "presumptively valid and enforceable" absent a "strong showing" by the party seeking to avoid the clause that "enforcement would be unfair or unreasonable under the circumstances." *Krenkel v. Kerzner Int'l Hotels Ltd.*, 579 F.3d 1279, 1281 (11th Cir. 2009); *see also M/S Bremen v. Zapata OffShore Co.*, 407 U.S. 1, 10, 15 (1972) (mandatory forum-selection clause is prima facie valid and enforceable). "A forum-selection clause will be invalidated when: (1) its formation was induced by fraud or overreaching; (2) the plaintiff would be deprived of its day in court because of inconvenience or unfairness; (3) the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of the clause would contravene public policy." *Slater v. Energy Servs. Grp. Int'l, Inc.*, 634 F.3d 1326, 1331-33 (11th Cir. 2011), *abrogated on*

*other grounds by Atl. Marine*, 571 U.S. 49. The burden on the party seeking to avoid enforcement of a mandatory forum-selection clause is "exceedingly high." *Trafalgar*, 878 F. Supp. 2d at 1284-90.

### III.   DISCUSSION

After reviewing Defendant's motion and the record, the Court finds that the forum selection clause is mandatory and enforceable. And, as noted above, Plaintiffs did not respond to the motion to transfer. Thus, the Court presumes that Plaintiffs are bound by the terms of the Merchant Agreements they signed—including the choice of venue provisions in those contracts. There is no evidence in the record that this venue clause was a result of fraud or coercion on the part of Defendant, that Plaintiffs will be deprived of an opportunity to present their case in court, that transferring this case to the Eastern District of Pennsylvania would deprive Plaintiffs of any remedy, or that enforcing this venue clause would contravene public policy. Accordingly, the Court finds that the mandatory venue provisions in the Merchant Agreements executed by the Parties must be enforced. *Slater*, 634 F.3d at 1331-33 (11th Cir. 2011).

The Court also finds that this action could have originally been brought in the Eastern District of Pennsylvania because (1) "Defendant[] negotiated the agreement in Philadelphia"; (2) the "Merchant Agreements are specifically governed by and must be construed in accordance with the laws of the Commonwealth of Pennsylvania"; and (3) there are witnesses and evidence in Pennsylvania. (DE 10 at 7). The Court has also considered each of the private and public interest factors relevant under Section 1404(a)

and finds that it is in the interest of justice to transfer this case to the District Court for the Eastern District of Pennsylvania.

### IV.  CONCLUSION

Accordingly, the Court finds that Defendant's motion to transfer venue (DE 10) is **GRANTED**.  The Clerk of Court is directed to **CLOSE** this case and **TRANSFER** it to the United States District Court for the Eastern District of Pennsylvania.

**DONE AND ORDERED** in chambers in Miami, Florida, this 16th day of May, 2020.

*/s/ Kathleen M. Williams*
KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE